## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NYLEE BUTLER, a minor, by and through | : | |
| his p/n/g, NADIRA ABDULLAH, and | : | |
| NADIRA ABDULLAH, individually | : | CIVIL ACTION NO. |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE PROCTER & GAMBLE COMPANY | : | **ARBITRATION CASE** |
| | : | |
| *Defendant.* | : | |

---

## COMPLAINT

### I.      PRELIMINARY STATEMENT

1.      This is a claim against Defendant, The Procter & Gamble Company, for personal injuries caused to the minor Plaintiff, Nylee Butler, by the negligent acts and/or omissions of the Defendant and its agents, servants, employees, workmen and/or representatives.

### II.      PARTIES

2.      Plaintiff, Nylee Butler, is a minor with a date of birth of April 10, 2012.  At all times material and relevant herein, the minor Plaintiff was two (2) years of age and a citizen of the Commonwealth of Pennsylvania, residing therein at 1401 N. 16th Street, Apt. J-8, Philadelphia, PA 19121.

3.      Plaintiff, Nadira Abdullah, is an adult individual and resident and citizen of the Commonwealth of Pennsylvania, residing therein at 1401 N. 16th Street, Apt. J-8, Philadelphia, PA 19121.

4.      Defendant, The Procter & Gamble Company, is a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Ohio, with its corporate

headquarters and principal place of business located therein at Central Building, 1st Floor, 1 P&G Plaza, Cincinnati, OH 45202. Defendant is a citizen of Ohio for the purposes of diversity jurisdiction.

**III.**   **JURISDICTION AND VENUE**

5.    Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

6.    The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant is subject to the Court's personal jurisdiction with respect to the civil action in question in this district.

**IV.**   **STATEMENT OF CLAIMS**

8.    At all times relevant hereto, the Defendant acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

9.    At all times material herein, Defendant, The Procter & Gamble Company, was regularly engaged in the business of designing, distributing, assembling, installing, marketing, manufacturing, maintaining and/or selling Duracell AA batteries, and the component parts thereto, including the subject Duracell AA battery.

10.    At all times prior to October 10, 2014, the Defendant either directly or indirectly, through their predecessors-in-interest, subsidiaries and/or successors-in-interest designed, manufactured, assembled, maintained, installed, provided safety recommendations, distributed and/or sold the subject Duracell AA battery and its component parts.

11.     On or about October 10, 2014, Defendant, The Procter & Gamble Company, by and through its agents, servants, workmen, employees and/or other representatives, acting in the course and scope of their employment with the said Defendant, operated, controlled, owned, leased, installed, distributed, manufactured and/or maintained the subject Duracell AA battery.

12.     On or about October 10, 2014, minor Plaintiff, Nylee Butler, was at his residence located at 1401 N. 16th Street, Apt. J-8, Philadelphia, PA 19121 and was holding a television remote control containing the subject Duracell AA battery when, suddenly and without warning, and as a result of a defective and/or dangerous condition of the Duracell AA battery, the product fell out of the remote control and onto the minor Plaintiff's right leg and burned the minor Plaintiff, thereby causing him to sustain severe and permanent bodily injuries, including but not limited to, burns and scarring, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

## COUNT I
### NYLEE BUTLER, A MINOR, BY AND THROUGH HIS PARENT AND NATURAL GUARDIAN, NADIRA ABDULLAH, AND NADIRA ABDULLAH, INDIVIDUALLY v. THE PROCTER & GAMBLE COMPANY
### PRODUCTS LIABILITY – NEGLIGENCE

13.     Plaintiffs hereby incorporate by reference paragraphs one (1) through twelve (12) of the within Complaint as if the same had been fully set forth at length.

14.     The Defendant, The Procter & Gamble Company, placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and

seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

15.     The accident described herein was caused solely and exclusively by the defective design and manufacture of the aforesaid Duracell AA battery machine and the negligence of the Defendant, The Procter & Gamble Company, and was due in no manner by negligence on the part of the minor Plaintiff, Nylee Butler.

16.     At all times relevant hereto, Defendant's aforesaid Duracell AA battery was defective and unsafe for consumer use.

17.     At all times relevant hereto, there were latent defects in the Defendant's aforesaid Duracell AA battery such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

18.     The Defendant was negligent in its failure to remedy the defective condition of the aforesaid Duracell AA battery by failing to take adequate precaution in its design and/or manufacture.

19.     The Defendant's negligence caused minor Plaintiff Nylee Butler's injuries.

20.     The Defendant was negligent in making, marketing, and distributing the defectively designed and manufactured Duracell AA battery, which had no or defective instructions and/or warnings for use and consumer safety features.

21.     The Defendant's negligence caused minor Plaintiff Nylee Butler's injuries.

22.     The Defendant distributed and sold the aforesaid Duracell AA battery in a defective condition in violation of Restatement (Second) of Torts §402(A).

23.     The defects in the Defendant's aforementioned Duracell AA battery caused the minor Plaintiff's injuries.

24.     The Defendant designed, manufactured, distributed and sold the aforesaid Duracell AA battery with defective warnings and instructions in violation of the Restatement (Second of Torts §402(B) and/or the Restatement (Third) of Torts.

25.     The defective warnings and/or instructions rendered the product unsafe and unfit for consumer use.

26.     The defective warnings and instructions caused the minor Plaintiff's injuries.

27.     In addition, the Defendant violated its implied and express warranties to Plaintiff by designing, manufacturing, marketing, distributing and selling a defective machine containing defective warnings and instructions.

28.     Defendant's breach of its implied and express warranties caused the minor Plaintiff's injuries.

WHEREFORE, Plaintiffs, Nylee Butler, a minor, by and through his parent and natural guardian, Nadira Abdullah, and Nadira Abdullah, individually, demand judgment against Defendant, The Procter & Gamble Company, in an amount not in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

Respectfully,

**SWARTZ CULLETON PC**

By:

Brandon A. Swartz, Esquire
bswartz@swartzculleton.com
Joseph P. Guzzardo, Esquire
jguzzardo@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiffs,
Nylee Butler and Nadira Abdullah

Date:  June 28, 2016